**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF LOUISIANA**

| | | |
|---|---|---|
| **GARRETT MCELROY,** | * | **CIVIL ACTION NO. 26-344** |
| **PLAINTIFF,** | * | |
| | * | |
| **V.** | * | **DISTRICT JUDGE: NANNETTE** |
| | * | **JOLIVETTE BROWN** |
| | * | |
| **COX OPERATING, LLC, COX OIL** | * | |
| **OFFSHORE, LLC, EPL OIL & GAS,** | * | |
| **LLC, AND DANOS LLC,** | * | **MAG. JUDGE: JANIS VAN** |
| | * | **MEERVELD** |
| **DEFENDANTS.** | * | |
| * * * * * * | * | |

**ANSWER OF DANOS, LLC TO PLAINTIFF'S PETITION**

NOW INTO COURT, through undersigned counsel, comes defendant, Danos, LLC ("Danos"), and for its answer and affirmative defenses to the Petition for Damages ("Petition") filed by plaintiff, Garrett McElroy, avers upon information and belief as follows:

**FIRST DEFENSE**

The Petition fails to state a claim or cause of action against Danos upon which relief can be granted.

**SECOND DEFENSE**

AND NOW ANSWERING the particular allegations of the Petition, Danos avers:

**I.**

Paragraph 1 of the Petition does not require a response from Danos.

**II.**

Paragraph 2 of the Petition does not require a response from Danos.

-1-

### III.

Paragraph 3 of the Petition does not require a response from Danos.

### IV.

Paragraph 4 of the Petition does not require a response from Danos.

### V.

Paragraph 5 of the Petition does not require a response from Danos.

### VI.

Paragraph 6 of the Petition is admitted.

### VII.

Danos admits that the incident in question occurred on Louisiana's Outer Continental Shelf, and that Louisiana is considered the adjacent state to the platform in question. Danos further admits that it transacts business in Louisiana. Danos had admitted the jurisdiction of this Court in its Notice of Removal. The remaining allegations of Paragraph 7 are denied for lack of sufficient information to form a basis for belief therein.

### VIII.

Paragraph 8 of the Petition contains conclusions of law to which no response is required. Should a response be required, Danos admits that venue in this federal court is appropriate.

### IX.

The allegations of Paragraph 9 are denied.

### X.

The allegations of Paragraph 10 are denied for lack of information sufficient to form a basis for belief therein.

## XI.

The allegations of Paragraph 11 are denied for lack of information sufficient to form a basis for belief therein.

## XII.

The allegations of Paragraph 12 are admitted.

## XIII.

The allegations of Paragraph 13 are denied for lack of information sufficient to form a basis for belief therein.

## XIV.

The allegations of Paragraph 14 are denied for lack of sufficient information to form a basis for belief therein.

## XV.

The allegations of Paragraph 15 are denied for lack of sufficient information to form a basis for belief therein.

## XVI.

Danos admits that it was contracted by the platform owner to provide personnel aboard EI-259-C. Danos denies the remaining allegations of Paragraph 16.

## XVII.

The allegations of Paragraph 17 are denied for lack of sufficient information to form a basis for belief therein.

## XVIII.

The allegations of Paragraph 18 are denied for lack of information sufficient to form a basis for belief therein.

## XIX.

The allegations of Paragraph 19 are denied for lack of information sufficient to form a basis for belief therein.

## XX.

The allegations of Paragraph 20 are denied.

## XXI.

The allegations of Paragraph 21 of the Petition are denied.

## XXII.

The allegations of Paragraph 22 are denied for lack of sufficient information to form a basis for belief therein.

## XXIII.

The allegations of Paragraph 23 are denied for lack of sufficient information to form a basis for belief therein.

## XXIV.

The allegations of Paragraph 24 are denied for lack of sufficient information to form a basis for belief therein.

## XXV.

The allegations of Paragraph 25 are denied for lack of sufficient information to form a basis for belief therein.

## XXVI.

Danos admits that it had personnel physically aboard EI-259-C. The remaining allegations of Paragraph 26 are denied.

## XXVII.

The allegations of Paragraph 27 are denied for lack of sufficient information to form a basis for belief therein.

## XXVIII.

The allegations of Paragraph 28 are denied for lack of sufficient information to form a basis for belief therein.

## XXIX.

The allegations of Paragraph 29 of the Petition are denied.

## XXX.

Paragraph 30 of the Petition does not require a response from Danos. Should a response be required, Danos incorporates its responses to Paragraphs 1-29 herein.

## XXXI.

Paragraph 31 contains statements and conclusions of law which require no response from Danos. Should a response be required, the allegations of Paragraph 31 are denied.

## XXXII.

Paragraph 32, including its subparts a-q, contains conclusions of law which require no response from Danos. Should a response be required, the allegations of Paragraph 32, including its subparts a-q, are denied for lack of sufficient information to form a basis for belief therein.

## XXXIII.

Paragraph 33, including its subparts a-q, contains conclusions of law which require no response from Danos. Should a response be required, the allegations of Paragraph 33, including its subparts a-q, are denied for lack of sufficient information to form a basis for belief therein.

## XXXIV.

Paragraph 34, including its subparts a-q, contains conclusions of law which require no response from Danos. Should a response be required, the allegations of Paragraph 34, including its subparts a-q, are denied for lack of sufficient information to form a basis for belief therein.

## XXXV.

Paragraph 35, including its subparts a-q, contains conclusions of law which require no response from Danos. Should a response be required, the allegations of Paragraph 35, including its subparts a-q, are denied.

## XXXVI.

The allegations of Paragraph 36 are denied.

## XXXVII.

The allegations of Paragraph 37 are denied.

## XXXVIII.

The allegations of Paragraph 38 are denied, insofar as they relate to Danos.

## XXXIX.

Paragraph 39 of the Petition does not require a response from Danos. Should a response be required, Danos incorporates its responses to Paragraphs 1-38 herein.

## XL.

The allegations of Paragraph 40 are denied for lack of sufficient information to form a basis for belief therein.

## XLI.

The allegations of Paragraph 41 are denied for lack of sufficient information to form a basis for belief therein.

## XLII.

The allegations of Paragraph 42 are denied for lack of sufficient information to form a basis for belief therein.

## XLIII.

Paragraph 43 contains conclusion of law which require no response from Danos.

## XLIV.

Paragraph 44 contains statements and conclusions of law which require no response from Danos. Should a response be required, Danos admits that Louisiana law governs this dispute.

## XLV.

Paragraph 45 contains statements unrelated to the current action to which no response from Danos is required.

## XLVI.

Paragraph 46 contains statements and conclusions of law which require no response from Danos.

## XLVII.

Paragraph 47 contains statements and conclusions of law which require no response from Danos.

## XLVIII.

The allegations of Paragraph 48, including its subparts 1-15, are denied.

### XLVIX.      JURY DEMAND

Danos pleads for trial by jury on all triable issues.

### XLX.        RESPONSE TO PRAYER

The allegations of the Prayer for Relief are denied.

### THIRD DEFENSE

Danos avers in the alternative that the damages alleged by plaintiff, if any exist, which is specifically denied, were caused by the fault and negligence of plaintiff, or others for whom Danos has no responsibility, which precludes and bars plaintiff's recovery herein.

### FOURTH DEFENSE

Danos in the alternative that, if it is found that the plaintiff suffered damages as a result of the negligence of anyone for whom Danos could or might be responsible, which is specifically denied, the damages of plaintiff were also caused by and/or contributed to by and/or aggravated by plaintiff's own negligence, and/or negligence of others, and Danos is entitled to have any award or recovery mitigated and reduced accordingly.

### FIFTH DEFENSE

Danos avers that if plaintiff sustained any injuries as alleged, which is denied, that plaintiff has failed to mitigate his damages, and such failure operates to bar or mitigate the damages claimed by plaintiff herein.

### SIXTH DEFENSE

Danos avers that if plaintiff sustained any injuries as alleged, which is denied, those injuries were caused in whole or in part by the ordinary and normal risks incident to his occupation, for which Danos is not liable.

## SEVENTH DEFENSE

Danos avers that if plaintiff sustained any injuries, which is denied, those injuries were caused in whole or in part by his own actions, misconduct, breach of employment, duties, fault, negligence, or inattention to duty which operates to bar or mitigate any claim herein.

## EIGHTH DEFENSE

Danos avers that if plaintiff sustained any injuries as alleged, which is denied, those injuries were caused by pre-existing conditions, ailments or injuries for which Danos is in no way liable.

## NINTH DEFENSE

Danos avers the claims of plaintiff are barred by the exclusivity provision of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(a), and/or the Louisiana Workers' Compensation Act, La. R.S. 23:1032, and the "co-employee," "borrowed servant," "statutory employee," "dual contract," and/or "special employee" doctrines.

## TENTH DEFENSE

Alternatively, Danos avers that the alleged accident, and Plaintiff's alleged injuries were the result of a condition that was open and obvious, and should have been observed by Plaintiff, and as a result, any recovery by Plaintiff is barred or diminished.

## ELEVENTH DEFENSE

Danos reserves the right to supplement this Answer with additional defenses revealed through discovery.

**WHEREFORE**, the premises considered, Danos prays that this, its answer, be deemed good and sufficient and that, after due proceedings had there be judgment in its favor and against plaintiff, dismissing the complaint for damages at plaintiff's cost, and for all other legal and equitable relief to which it is entitled.

Respectfully submitted,

*/s/ Christian J. St. Martin*

_____

MICHAEL H. BAGOT, JR. (#2665)
CHRISTIAN J. ST. MARTIN (#38900)
**WAGNER, BAGOT & RAYER, LLP**
601 Poydras Street, Suite 1660
New Orleans, Louisiana 70130
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
E-mail: mbagot@wb-lalaw.com
E-mail: cstmartin@wb-lalaw.com
Attorneys for Danos, LLC

781-23\FW\PLDG\0020

-10-