**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

GARRETT MCELROY                                    CIVIL ACTION

VERSUS                                             NO. 26-344

COX OPERATING, LLC, ET AL.                         SECTION: "G"(1)

## ORDER AND REASONS

Before the Court is Plaintiff Garrett McElroy's ("Plaintiff") Motion to Remand.[1] This litigation involves injuries allegedly sustained by Plaintiff while working upon a platform in the Gulf of Mexico.[2] In the motion, Plaintiff asserts that the case should be remanded to the Civil District Court for the Parish of Orleans because Defendant Danos, LLC ("Danos") contractually waived the right to remove the case to federal court.[3] Danos opposes the motion.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On October 13, 2023, Plaintiff was working as a crane operator on a production platform in the Gulf of Mexico when he allegedly fell from the platform, sustaining severe and permanent injuries.[5] Plaintiff filed suit on October 9, 2024, in the 160th Judicial District Court of Dallas County, Texas, against Cox Operating, LLC ("Cox Operating"), Cox Oil Offshore, LLC ("Cox

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1.

[3] Rec. Doc. 6-7 at 2.

[4] Rec. Doc. 10.

[5] Rec. Doc. 1-1 at 2.

1

Offshore"), EPL Oil & Gas, LLC ("EPL"), and Danos.[6] Danos failed to timely respond to the Texas

litigation, and the Texas court granted a motion for default judgment against Danos.[7] Shortly

thereafter, Danos filed a special appearance to contest personal jurisdiction and a motion for new

trial.[8] In the following weeks, Plaintiff's counsel and Danos's counsel negotiated an agreement

pursuant to Rule 11 of the Texas Rules of Civil Procedure (the "Rule 11 Agreement").[9]  The terms

of the Rule 11 Agreement are as follows:

> 1. Danos agrees to pass the Special Appearance hearing and forego its Special Appearance contesting personal jurisdiction.
> 2. Plaintiff agrees not to pursue its default judgment against Danos and will not set a hearing to prove-up damages against Danos.
> 3. Plaintiff and Danos both agree to the prompt filing of a joint letter with the court indicating Plaintiff's consent to Danos's motion to set aside the default judgment and for new trial, together with an agreed order for signature by the court setting aside the default judgment and the granting of a new trial.
> 4. Danos agrees that it will not file a motion to remove the case to federal court after the default is set aside and a new trial is ordered by the Court.[10]

The parties filed a joint notice with the Texas court, and on February 7, 2025, the Texas

judge set aside the default judgment and granted the motion for new trial.[11] On May 16, 2025,

Danos filed a motion to dismiss for *forum non conveniens*. On August 22, 2025, the Texas judge

granted the motion and dismissed the case without prejudice to refiling in an appropriate court in

the State of Louisiana.[12]

---

[6] Rec. Doc. 1-1 at 12; Rec. Doc. .

[7] Rec. Doc. 6-1.

[8] Rec. Doc. 6-7 at 2.

[9] *Id.*

[10] Rec. Doc. 6-2 at 1.

[11] Rec. Doc. 6-4.

[12] Rec. Doc. 6-5.

On February 10, 2026, Plaintiff filed a petition in Civil District Court for the Parish of Orleans naming Cox Operating, Cox Oil, EPL, Danos, and Certain Underwriter's at Lloyd's as defendants.[13] On February 13, 2026, Danos removed the case to this Court asserting jurisdiction under 43 U.S.C. § 1349(b)(1) because the case arises out of, or in connection with an operation conducted on the Outer Continental Shelf.[14]

On March 16, 2026, Plaintiff filed the instant Motion to Remand.[15] On April 7, 2026, Danos filed an opposition to the motion.[16] On April 13, 2026, Plaintiff filed a reply memorandum in further support of the motion.[17]

## II. Parties' Arguments

### A.    Plaintiff's Argument in Support of the Motion

Plaintiff argues that the case should be remanded to the Civil District Court for the Parish of Orleans. [18] Plaintiff avers that Danos waived its right of removal, missed its deadline to remove, and failed to obtain consent from all other Defendants to remove the case.[19] Plaintiff points to the Parties' Rule 11 Agreement, which states: "Danos agrees that it will not file a motion to remove the case to federal court after the default is set aside and a new trial is ordered by the Court."[20] Plaintiff acknowledges that the instant case was brought in a different state than where it was

---

[13] Rec. Doc. 1-1.

[14] Rec. Doc. 1.

[15] Rec. Doc. 6.

[16] Rec. Doc. 10.

[17] Rec. Doc. 11.

[18] Rec. Doc. 6-7 at 1.

[19] *Id.*at 4–8.

[20] *Id.*at 5.

originally filed, however, he maintains that the underlying procedural history and contractual agreement still apply because the Louisiana case arises "from the same occurrences, acts, omissions, damages, and claims" as the Texas case.[21] Plaintiff urges the Court to apply the theory of judicial estoppel to prevent Danos from "gaining unfair advantages" in this proceeding.[22]

Plaintiff also avers that Danos missed its deadline to remove the case, which Plaintiff argues was thirty days after receiving notice of the Texas case on October 18, 2024.[23] According to Plaintiff, because Danos did not remove the Texas suit by November 18, 2024, it missed its deadline and cannot remove now.[24] Plaintiff also argues that Danos failed to obtain consent from all other Defendants in this matter, so in accordance with 28 U.S.C. § 1446(a), it is procedurally prohibited from removing the case.[25]

**B.      *Danos's Arguments in Opposition to the Motion***

In opposition, Danos argues that the Rule 11 Agreement applied only to the Texas case, which has since been dismissed.[26] Danos further contends that the present action is an entirely new and distinct case, and therefore, is not governed by the Rule 11 Agreement.[27] Applying Texas law for contract construction, Danos argues that the agreement contemplated application to only the Texas case, and the terms should not be expanded beyond that context.[28] Danos also argues that its

---

[21] *Id.*

[22] *Id.* at 6.

[23] *Id.* at 7.

[24] *Id.*

[25] *Id.* at 8.

[26] Rec. Doc. 10 at 1.

[27] *Id.* at 2.

[28] *Id.* at 3.

removal was timely because the Louisiana petition was filed on February 10, 2026, and Danos filed its notice of removal three days later, well within the thirty-day deadline prescribed by 28 U.S.C. § 1446.[29] Lastly, Danos avers that because none of the defendants had been served at the time of removal, it was not required under 28 U.S.C. § 1446(b)(2)(A) to obtain their consent to remove the action.[30]

### C. *Plaintiff's Arguments in Further Support of the Motion*

In reply, Plaintiff asserts that removing the case would be "unfair, unjust, and a blatant breach" of the parties' bargained-for exchange.[31] Plaintiff argues that Danos's characterization of there being a "Texas case" or a "Louisiana case" is arbitrary because the Rule 11 Agreement only referred to "the case."[32] Plaintiff argues that there is only one case, with nearly identical pleadings in two locations, merely due to convenience, and that the Rule 11 Agreement should be interpreted to apply to "the case" regardless of the forum it is tried in.[33]

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[34] The burden is on the moving party to show "[t]hat federal jurisdiction exists and that removal was proper."[35] Pursuant to 43 U.S.C. § 1349(b)(1), a district court has subject matter jurisdiction over "cases and

---

[29] *Id.* at 4.

[30] *Id.* at 5.

[31] Rec. Doc. 11 at 1.

[32] *Id.* at 2.

[33] *Id.* at 3.

[34] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[35] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

controversies arising out of, or in connection with . . . any operation conducted on the Outer

Continental Shelf which involves exploration, development, or production of the minerals, of the

subsoil and seabed of the outer Continental Shelf." To determine whether jurisdiction is present

for removal, the Court must "consider the claims in the state court petition as they existed at the

time of removal."[36] In assessing whether removal was appropriate, the Court is guided by the

principle, grounded in notions of comity and the recognition that federal courts are courts of limited

jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[37] Remand is

appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal

jurisdiction is proper should be resolved against federal jurisdiction."[38]

### IV. Analysis

As an initial matter, Plaintiff does not dispute removal based on this Court's original

jurisdiction under the Outer Continental Shelf Lands Act.[39] Given that Plaintiff's injuries arose out

of production operations on the Outer Continental Shelf, this Court has subject matter jurisdiction

over this case,[40] and the case was removable pursuant to 28 U.S.C. § 1441(a). Plaintiff seeks to

remand this case back to state court because Danos allegedly waived its right to remove the case

to federal court.[41] Plaintiff further argues that removal was procedurally defective because Danos

filed an untimely notice of removal and failed to obtain the consent of the remaining defendants.[42]

---

[36] *Id.*

[37] *Id.*

[38] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[39] Rec. Doc. 1 at 3.

[40] 43 U.S.C. § 1349(b)(1)

[41] Rec. Doc. 6-7 at 5.

[42] *Id.* at 7–8.

6

Danos opposes the motion, arguing that it did not waive its right to remove this case to federal court.[43] Danos also argues that its notice of removal was timely, and that it was not required to obtain consent from the remaining defendants.[44]

### A.      *Whether Danos Waived its Removal Right*

In the Fifth Circuit, "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."[45] "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."[46] The Fifth Circuit explained that "[a]mbiguous language is not a clear and unequivocal waiver of removal rights. A contract is ambiguous when it is subject to more than one reasonable interpretation."[47] Here, the relevant clause in the Rule 11 Agreement states, "Danos agrees that it will not file a motion to remove the case to federal court after the default is set aside and a new trial is ordered by the Court."[48] The question is whether this clause clearly and unambiguously waived the right to remove *any* case arising out of the same facts or circumstances, or whether it waived removal only with respect to the specific action then pending in Texas state court.

Looking exclusively to the four corners of the Rule 11 Agreement, the removal provision is reasonably interpreted as applying only to the action pending in Texas state court. The agreement

---

[43] Rec. Doc. 10 at 3.

[44] *Id.* at 4–5.

[45] *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citations omitted).

[46] *Id.*

[47] *Gulf Coast Pharmaceuticals Plus v. RFT Consulting*, 152 F.4th 615, 617 (5th Cir. 2025) (citations omitted).

[48] Rec. Doc. 6-2 at 1.

is expressly titled with the specific case number, with named defendants,[49] and specifically "in the 160th Judicial District Court of Dallas County, Texas."[50] The removal provision contains no language clearly indicating that it would extend to any subsequent lawsuit arising from the same underlying facts. Indeed, the agreement suggests that at the time of execution, the parties did not contemplate that the Texas action would be dismissed under *forum non conveniens* and refiled in Louisiana. Danos, therefore, reasonably interprets the waiver as limited only to the Texas action. Plaintiff offers no textual basis to extend the waiver to future actions. At minimum, Danos's interpretation is a reasonable reading of the Agreement. Because both interpretations are reasonable based on the Agreement's text, the provision is ambiguous and cannot constitute a clear and unequivocal waiver of the right to remove the Louisiana case.

### B.      *Whether to Apply Judicial Estoppel*

Plaintiff asks this Court to apply judicial estoppel to extend the application of the Rule 11 Agreement to this case. The Fifth Circuit considers three factors before applying judicial estoppel: (1) whether the position of the party to be estopped is clearly inconsistent with its previous position, (2) whether the party convinced the court originally hearing the matter to accept that previous position, and (3) whether the party seeking to assert the inconsistent position derives an unfair advantage if not estopped.[51] Plaintiff has not demonstrated that Danos has taken a clearly inconsistent position from its previous position, because the Rule 11 Agreement does not specify whether it would apply to a subsequent lawsuit.

---

[49] Certain Underwriters at Lloyd's was not named in the Texas action but was named in the Louisiana action. Rec. Doc. 10 at 2.

[50] Rec. Doc. 6-2 at 1.

[51] *Hall v. GE Plastic Prac. PTE, Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003) (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996)).

Moreover, the purpose of judicial estoppel is to protect the integrity of the judicial process, not the interests of the litigants, by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest."[52] The Texas court relied on Danos's agreement not to remove the case to federal court when it decided to set aside the default judgment.[53] In return, Plaintiff received the benefit of Danos's decision to forego its challenge to personal jurisdiction.[54] Under these circumstances, there is no evidence of an unfair advantage or the type of gamesmanship indicating Danos's intention to "play fast and loose" with the courts.[55]

## C.      *Whether Danos's Removal was Procedurally Defective*

Danos's removal was not procedurally defective because it was timely and did not require consent from the other Defendants. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." After the Texas case was dismissed, Plaintiff filed suit in Louisiana on February 10, 2026, and Danos filed the Notice of Removal three days later. The filing of the new complaint commenced a new civil action and restarted the removal period under 28 U.S.C. § 1446. Therefore, Danos's Notice of Removal complied with the thirty-day requirement, and the removal was timely.

Plaintiff also argues that Danos's failure to obtain consent from the other defendants constitutes a procedural defect. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" must consent to the removal of the action. By its express terms,

---

[52] *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999) (citations omitted).

[53] Rec. Doc. 6-4.

[54] Rec. Doc. 6-2.

[55] *Hall*, 327 F.3d at 396.

the consent requirement only requires consent from defendants who have been formally *served* with process.[56] When the notice of removal was filed, none of the other named defendants had been served by Plaintiff, and therefore, their consent was not required.

## V. Conclusion

For the reasons stated herein, Danos did not waive the right to remove in the instant case, and Plaintiff has not shown that judicial estoppel is applicable. Furthermore, the Notice of Removal is not procedurally defective for untimeliness or lack of consent. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[57] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  28th  day of July, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[56] *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (finding "snap removal" to be an oddity, but plainly permitted by a plain reading of the statute).

[57] Rec. Doc. 6.

10